IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(Central Division)

| | |
|---|---|
| **LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, IOWA,**<br><br>Defendants. | Case No. 6:15-cv-02065-LRR<br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand)** |

**NOW COME**, the Plaintiffs, Larry Zubrod and Cheryl Zubrod, Individually and as Administrators for and on behalf of the Estate of Michael Zubrod, by and through their undersigned counsel, and for their causes of action, respectfully state the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and acts or omissions alleged herein took place in Worth County, Iowa, located in the Central Division of the Northern District of Iowa.

## PARTIES

3. Plaintiff Larry Zubrod is an individual residing in rural Chickasaw County, Iowa and, at all times material to the events complained of herein, has been designated as Administrator of the Estate of Michael Zubrod as established in Chickasaw County District Court, and is the father of the decedent, Michael Zubrod.

4. Plaintiff Cheryl Zubrod is an individual residing in rural Chickasaw County, Iowa and, at all times material to the events complained of herein, has been designated as Administrator of the Estate of Michael Zubrod as established in Chickasaw County District Court, and is the mother of the decedent, Michael Zubrod.

5. Defendant Shayne Hoch (hereinafter "Defendant Hoch") is believed to be a citizen and resident of the State of Iowa, and was employed as a law enforcement officer with the Worth County Sheriff's Office at all times relevant to the events complained of herein.

6. Defendant Isaac Short (hereinafter "Defendant Short") is believed to be a citizen and resident of the State of Iowa, and was employed as a law enforcement officer with the Worth County Sheriff's Office at all times relevant to the events complained of herein.

7. Defendant John Smith (hereinafter "Defendant Smith") is believed to be a citizen and resident of the State of Iowa, and was employed as a law enforcement officer with the Worth County Sheriff's Office at all times relevant to the events complained of herein.

8. Defendant Jay Langenbau (hereinafter "Defendant Langenbau") is believed to be a citizen and resident of the State of Iowa and, at all times relevant to the events complained of herein, was the Sheriff of Worth County, Iowa.

9. Defendant Worth County, Iowa (hereinafter "Defendant County") is a county corporation existing under the laws of the State of Iowa and operates the Worth County Sheriff's Office.

## FACTUAL BACKGROUND

10. All events complained of herein occurred in Worth County, Iowa.

11. On September 22, 2013, citizens concerned about a nearby domestic disturbance approached Worth County deputy, Isaac Short, (hereinafter "Defendant Short") while he was on patrol in Northwood, Iowa. Defendant Short entered the residence at 208 4th Street North, proceeded upstairs to the bedroom on his right where he located Michael Zubrod (hereinafter "Michael") in a physical dispute with his girlfriend, Rhonda Schukei.

12. The three were situated in the bedroom on the east side of the house.

13. Defendant Short ordered Michael to move away from Ms. Schukei. According to law enforcement, a physical altercation occurred between Defendant Short and Michael.

14. At this time, Worth County Deputy Shayne Hoch (hereinafter "Defendant Hoch") arrived as the scuffle moved from the east bedroom to the west bedroom where Michael was taken to the ground. Defendant Short was able to get on top of Michael and secure handcuffs on his left wrist.

15. In the west bedroom, Michael was eventually situated on the ground unarmed in a prone position with one hand restrained. At least two officers stood over him during which time Michael never attempted to rise to his feet. While on the ground, Defendant Hoch ordered Michael to "flip over" or he would be tased. At this point, Michael's comments, facial expression, and overall demeanor clearly indicated he was confused, in pain, and disoriented.

16. Around this time, Worth County Deputy John Smith (hereinafter "Defendant Smith") arrived in the west bedroom as well.

17. Seconds later, Defendant Hoch tased Michael, who still exhibited obvious signs of disorientation.

18. Defendant Hoch then directed one of the other on-site deputies to "get on him." As the other deputy did this, Defendant Hoch again ordered Michael to "get over" or "roll over" or "get rolled over." After the responding deputy physically took position on top of Michael, Defendant Hoch tased Michael at least nine more times over an approximate two and a half minute period, while he repeatedly told him to "get over" or "roll over."

19. While being tased, Michael cried out for a doctor, presumably due to the extreme pain he was sustaining. Defendant Hoch tased Michael with continuous bursts of electricity for over thirty seconds while another officer restrained Michael's hands.

20. After Michael's hands were secured by handcuffs, Defendant Hoch again tased Michael for a second round of continuous bursts of electricity as he lay on the ground still debilitated and posing no realistic risk of harm.

21. Michael's legs were secured with a hobble device as well.

4

22. Shortly thereafter, it was discovered that Michael had stopped breathing. He was transported to Mercy Hospital in Mason City where he was pronounced dead. The Iowa State Medical Examiner's Office subsequently ruled Michael's manner of death as a homicide.

23. Defendants Smith and Short were present while Defendant Hoch perpetually and frantically tased Michael over and over, while ordering him more than twenty times to do something he was obviously unable to do. Neither deputy did anything to stop Defendant Hoch from engaging in this abusive and life-taking behavior.

24. Since at least 2004, the professional staff at the Mental Health Center of North Iowa in Mason City had treated Michael for mental health disorders.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
*Right to be Free from Unreasonable Seizures*
**(*Against Defendant Hoch – First Grouping of Taser Bursts*)**

25. Plaintiffs replead paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. Plaintiffs bring suit against Defendant Hoch in his individual capacity for the purposes of this Section 1983 cause for damages.

27. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as a law enforcement officer for the Worth County Sheriff's Office.

28. On or about September 22, 2013, Defendant Hoch violated Michael's clearly established constitutional rights by utilizing excessive force while punitively and

5

sadistically using a Taser on him at length while he lay in a prone position on the ground and posed no reasonable risk of harm or safety to any officer or other individuals present. Moreover, Defendant failed to utilize other more effective, and less harmful, techniques to gain compliance with his commands.

29. Defendant violated Michael's Fourth Amendment Right under the United States Constitution to be free from unreasonable seizures.

30. The prolonged use of force Defendant employed while confronting Michael was excessive and unreasonable under the circumstances.

31. Defendant demonstrated a deliberate indifference to and/or reckless disregard of Michael's civil and constitutional rights by maliciously and sadistically employing his Taser under the circumstances.

32. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Michael's civil rights, justifying an award of punitive damages.

33. Defendant Hoch's conduct put Michael at risk of serious, immediate, and proximate harm, including death.

34. As a direct and proximate result of Hoch's illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover damages for:

   a. The deprivation of the deceased's constitutional rights;

   b. The humiliation, degradation, public ridicule and loss of personal reputation by the deceased;

   c. The physical pain, mental and emotional distress and suffering prior to his death including loss of full mind and body;

   d. The worth or value of the estate which Michael would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his

> natural life, had he lived, as well as estate costs, estate attorney fees, and costs of administration of the estate as allowed by law or equity;
>
> e. The death and funeral expenses as well as interest on the cost of funeral and burial of Michael for the period between the date of his premature death and the date on which he could have been expected to die;
>
> f. The loss of his life, services, and support;
>
> g. All actual and compensatory damages including, but not limited to, past and present pain and suffering and pre-death medical expenses;
>
> h. All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest and;
>
> i. Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiffs, Larry and Cheryl Zubrod, individually and as Co-Administrators for the Estate of Michael Zubrod, pray for Judgment against the aforementioned Defendant as follows:

> a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;
>
> b. Plaintiffs' costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;
>
> c. Punitive damages; and
>
> d. Such other and further relief as the Court deems just and equitable.

## COUNT II
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
## VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Unreasonable Seizures*
**(*Against Defendant Hoch - Second Grouping of Taser Bursts*)**

35. Plaintiffs replead paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. Plaintiffs bring suit against Defendant Hoch in his individual capacity for the purposes of this Section 1983 cause for damages.

37. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as a law enforcement officer for the Worth County Sheriff's Office.

38. On or about September 22, 2013, Defendant violated Michael's clearly established constitutional rights by utilizing excessive force while punitively and sadistically using a Taser on him multiple times at length while he lay restrained with handcuffs and otherwise posed no reasonable risk of harm or safety to any officer or other individuals. Moreover, Defendant failed to utilize other more effective, and less harmful, techniques to gain compliance with his commands.

39. Defendant violated Michael's Fourth Amendment Right under the United States Constitution to be free from unreasonable seizures.

40. The prolonged use of force Defendant employed while confronting Plaintiff was excessive and unreasonable under the circumstances.

41. Defendant demonstrated a deliberate indifference to and/or reckless disregard for Michael's civil and constitutional rights by maliciously and sadistically employing his Taser under the circumstances.

42. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Michael's civil rights, justifying an award of punitive damages.

43. Defendant Hoch's conduct put Michael at risk of serious, immediate, and proximate harm, including death.

44. As a direct and proximate result of Hoch's illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover damages for:

   a. The deprivation of the deceased's constitutional rights;

   b. The humiliation, degradation, public ridicule and loss of personal reputation by the deceased;

   c. The physical pain, mental and emotional distress and suffering prior to his death including loss of full mind and body;

   d. The worth or value of the estate which Michael would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived, as well as estate costs, estate attorney fees, and costs of administration of the estate as allowed by law or equity;

   e. The death and funeral expenses as well as interest on the cost of funeral and burial of Michael for the period between the date of his premature death and the date on which he could have been expected to die;

   f. The loss of his life, services, and support;

   g. All actual and compensatory damages including, but not limited to, past and present pain and suffering and pre-death medical expenses;

   h. All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest and;

   i. Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiffs, Larry and Cheryl Zubrod, individually and as Co-Administrators for the Estate of Michael Zubrod, pray for Judgment against the aforementioned Defendants as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

b. Plaintiffs' costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c. Punitive damages; and

d. Such other and further relief as the Court deems just and equitable.

### COUNT III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Unreasonable Seizures*
### (*Against Defendants Short and Smith  - Bystander Liability - Failure to Intervene*)

45. Plaintiffs replead paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Plaintiffs bring suit against Defendants Short and Smith in their individual capacity for the purposes of this Section 1983 cause for damages.

47. At all times material hereto, Defendants actions and/or omissions were made under the color of authority and law enforcement officers for the Worth County Sheriff's Office.

48. On or about September 22, 2013, Defendants Short and Smith violated Michael's clearly established constitutional rights when they observed Defendant Hoch Taser Michael over and over even though Michael was clearly unable to comprehend Defendant Hoch's directives.

49. Defendants demonstrated a deliberate indifference to and/or reckless disregard for Michael's civil and constitutional rights by failing to intervene and stop Defendant Hoch from violating Michael's constitutional rights.

50. The failure of Defendants Short and Smith to intervene, dissuade, or prevent Defendant Hoch from violating Michael's rights demonstrated deliberate indifference and wanton and reckless disregard for the clearly established constitutional rights of Michael, for it was evident and obvious that the prolonged Taser deployment was unreasonable under the circumstances.

51. As such, Defendants violated Michael's Fourth Amendment Right under the United States Constitution to be free from unreasonable seizures.

52. The use of force Defendants allowed to be employed against Michael was excessive and unreasonable under the circumstances.

53. Defendant's actions were willful, wanton, unlawful, and in gross disregard of the civil rights of Michael, justifying an award of punitive damages.

54. Defendants Short and Smith were aware that Defendant Hoch's conduct put Michael at risk of serious, immediate, and proximate harm, including death.

55. As a direct and proximate result of the failure of Defendants Short and Smith to act to prevent illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover damages for:

   a. The deprivation of the deceased's constitutional rights;

   b. The humiliation, degradation, public ridicule and loss of personal reputation by the deceased;

   c. The physical pain, mental and emotional distress and suffering prior to his death including loss of full mind and body;

d. The worth or value of the estate which Michael would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived, as well as estate costs, estate attorney fees, and costs of administration of the estate as allowed by law or equity;

e. The death and funeral expenses as well as interest on the cost of funeral and burial of Michael for the period between the date of his premature death and the date on which he could have been expected to die;

f. The loss of his life, services, and support;

g. All actual and compensatory damages including, but not limited to, past and present pain and suffering and pre-death medical expenses;

h. All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest and;

i. Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiffs, Larry and Cheryl Zubrod, individually and as Co-Administrators for the Estate of Michael Zubrod, pray for Judgment against the aforementioned Defendants as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

b. Plaintiffs' costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c. Punitive damages; and

d. Such other and further relief as the Court deems just and equitable.

## COUNT IV
## ASSAULT AND BATTERY
### *(Against Defendant Hoch)*

56. Plaintiffs replead paragraphs one (1) through fifty-five (55) as if fully set forth herein.

57. Defendant Hoch utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Michael by employing the repeated and wanton use of a Taser on him. The actions of Defendant Hoch were undertaken without Michael's consent.

58. Defendant's contact was offensive to Michael and/or a reasonable person and caused physical injury to him. Said contact further placed Michael in fear of further physical pain and/or injury.

59. Defendant's use of force against Michael was clearly excessive and/or unreasonable under the circumstances constituting assault and battery.

60. As a proximate result of Defendant's acts and omissions, Michael suffered injuries and damages prior to his death.

61. Defendant's actions were willful, wanton, unlawful, and in gross disregard of the civil rights of Michael, justifying an award of punitive damages.

**WHEREFORE**, Plaintiffs pray for Judgment against the aforementioned Defendants in an amount which will fully and fairly compensate them for their injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

13

## COUNT V
## NEGLIGENCE
### (Against Defendants Hoch, Smith, and Short)

62. Plaintiffs replead paragraphs one (1) through sixty-one (61) as if fully set forth herein.

63. Defendants Hoch, Smith, and Short owed Plaintiff, as a person seized by him, a duty to care for Plaintiff's safety, security, custody, control, and well-being.

64. Defendant Hoch breached said duty, constituting negligence, after utilizing excessive force and inflicting serious and/or fatal injuries to Plaintiff. Defendants Smith and Short breached said duty, constituting negligence, by failing to intervene during the infliction of said force.

65. Defendants caused the injuries and damages sustained and described herein.

66. As a result of Defendants' negligence, Plaintiff sustained legally cognizable damages and injuries.

**WHEREFORE**, Plaintiffs pray for Judgment against the aforementioned Defendants in an amount which will fully and fairly compensate them for their injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

## COUNT VI
## RESPONDEAT SUPERIOR
### (Against Defendants Langenbau and County)

67. Plaintiffs replead paragraphs one (1) through sixty-six (66) as if fully set forth herein.

68. At all times material hereto, an employer-employee relationship existed between Defendants Langenau and County as the employers, and Defendants Short, Hoch and Smith as the employees.

69. At all times material hereto, Defendants Short, Hoch and Smith were acting within the scope of their employment with Defendants Langenau and County. Under the doctrine of *respondeat superior*, Defendants Langenau and County are vicariously liable for the aforementioned negligent actions and/or omissions of Defendants Short, Hoch and Smith.

70. As a result of the actions and/or omissions of Defendants Langenau and County, Plaintiffs sustained damages and injuries as previously set forth in this Complaint.

71. As a direct and proximate result of Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover their legally cognizable damages.

**WHEREFORE**, Plaintiffs pray for Judgment against the aforementioned Defendants in an amount which will fully and fairly compensate them for their injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

### COUNT VII
### LOSS OF CONSORTIUM
### (Against All Defendants)

72. Plaintiffs replead paragraphs one (1) through seventy-one (71) as if fully set forth herein.

73. Michael was the son of Plaintiffs Larry Zubrod and Cheryl Zubrod.

74. As a direct and proximate result of the injuries and damages that Defendants have caused to Michael, Larry and Cheryl have incurred a loss of services, companionship, and society.

**WHEREFORE**, the Plaintiffs, respectfully requests judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate them for their injuries and damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### JURY DEMAND

**NOW COME,** Plaintiffs Larry and Cheryl Zubrod, and hereby demand a trial by jury with regard to all counts pled herein.

*Respectfully submitted,*

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

By: *Brandon Brown*
Brandon Brown      AT0001199
*Lead*
S. Ben Stone       AT0007700
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
E-Mail: bbrown@parrishlaw.com
E-Mail: bstone@parrishlaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CRONIN, SKILTON & SKILTON, P.L.L.C.**

By: *David H. Skilton*
David H. Skilton         AT0007261
205 Brasher Street, P.O. Box 39
Nashua, IA 50658-0039
Telephone: (641) 435-2462
Facsimile: (641) 435-2463
E-Mail: dhs.csslaw@butler-bremer.com
**ATTORNEY FOR PLAINTIFFS**

16