IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, | Case No. 6:15-cv-02065-LRR |
| Plaintiffs, | **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY SHAYNE HOCH** |
| v. | |
| SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, | |
| Defendants. | |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for their responses to the Interrogatories propounded, respectfully state the following:

<u>RESERVATION</u>

Plaintiffs' objections and responses are set forth herein without prejudice to their right to assert additional objections or supplement responses should they discover additional information or grounds for objections. Moreover, nothing herein should be construed as an admission by Plaintiffs as to the admissibility or relevance of any



**INTERROGATORY NO. 11:**  If any of the claims made by Plaintiffs in the Complaint are based upon the alleged violation of any industry or governmental standard, administrative rule or regulation, statute or ordinance, or customer practice, please identify in detail each such item upon which you base the violation, including the date of publication, title and applicable paragraph or section number thereof.

**ANSWER:**

Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, and not reasonably limited in scope.   Furthermore, the Complaint filed in this matter identifies the underlying legal principles upon which the claims are based at this time.

**SUPPLEMENTAL ANSWER:**

Plaintiffs incorporate their objections to this Answer into the supplemental answer(s) by reference thereto.  See also Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at *14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, | Case No. 6:15-cv-02065-LRR |
| Plaintiffs, | **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY SHAYNE HOCH** |
| v. | |
| SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, | |
| Defendants. | |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for

their responses to the Interrogatories propounded, respectfully state the following:

<u>RESERVATION</u>

Plaintiffs' objections and responses are set forth herein without prejudice to their

right to assert additional objections or supplement responses should they discover

additional information or grounds for objections. Moreover, nothing herein should be

construed as an admission by Plaintiffs as to the admissibility or relevance of any



PLAINTIFF'S EXHIBIT 2

**INTERROGATORY NO. 18:**   With regard to your claim for punitive damages please set forth with specificity all facts relied upon by the Plaintiffs to support these allegations, identify all documents which support these allegations, and identify all individuals claimed by the Plaintiffs to have knowledge of the facts supportive of these allegations, and. for each person identified, set forth with complete specificity the facts possessed by each person.  In addition. please set forth with specificity the legal basis for this allegation.

**ANSWER:**

Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,

Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.

**SUPPLEMENTAL ANSWER:**

Plaintiffs incorporate their objections by reference thereto.  Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at *14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, | Case No. 6:15-cv-02065-LRR |
| Plaintiffs, | **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY SHAYNE HOCH** |
| v. | |
| SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, | |
| Defendants. | |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for their responses to the Interrogatories propounded, respectfully state the following:

### RESERVATION

Plaintiffs' objections and responses are set forth herein without prejudice to their right to assert additional objections or supplement responses should they discover additional information or grounds for objections. Moreover, nothing herein should be construed as an admission by Plaintiffs as to the admissibility or relevance of any



**INTERROGATORY NO. 19**: With regard to paragraph 28, of the Complaint, set forth with specificity all facts relied upon by the Plaintiff to support the allegation that Defendant Hoch violated Michael Zubrod's constitutional rights. As it relates to the same, please state the following:

    a)     every person who has knowledge of these facts;

    b)     every person you anticipate calling as a witness to testify regarding these facts; and

    c)     every document or tangible item which you contend supports your allegations.

**ANSWER**:

**Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants. Without waiving objection,**

**Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations. This response may be supplemented after further discovery.**

**SUPPLEMENTAL ANSWER**:

**Plaintiffs incorporate their objections by reference thereto. Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims. Thus, it is premature to answer this interrogatory. See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at \*14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

**INTERROGATORY NO. 20**:   With regard to paragraph 30, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that the prolonged use of force by Defendant Shayne Hoch was excessive and unreasonable.  As it relates to the same. please state the following:

   a)   every person who has knowledge of these facts;

   b)   every person you anticipate calling as a witness to testify regarding these facts; and

   c)   every document or tangible item which you contend supports your contention.

**ANSWER**:

   **Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,**

   **Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.**

   **SUPPLEMENTAL ANSWER:**

**Plaintiffs incorporate their objections by reference thereto.   Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.   Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at \*14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

**INTERROGATORY NO. 21:** With regard to paragraph 38, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that Defendant Shayne Hoch used excessive force violating Michael's constitutional right. As it relates to the same, please state the following:

a) every person who has knowledge of these facts;

b) every person you anticipate calling as a witness to testify regarding these facts; and

c) every document or tangible item which you contend supports your allegations.

**ANSWER:**

Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants. Without waiving objection,

Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations. This response may be supplemented after further discovery.

**SUPPLEMENTAL ANSWER:**

At this point in discovery, it is unclear whether Defendant Hoch discharged his taser. Discovery is on-going and Plaintiffs reserve the right for additional supplements.

**INTERROGATORY NO. 22:** With regard to paragraph 40, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that Defendant Shayne Hoch's prolonged use of force was excessive and unreasonable. As it relates to the same, please state the following:

a) every person who has knowledge of these facts;

b) every person you anticipate calling as a witness to testify regarding these facts; and

c) every document or tangible item which you contend supports your allegations.

**ANSWER:**

Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants. Without waiving objection,

Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations. This response may be supplemented after further discovery.

**SUPPLEMENTAL ANSWER:**

Plaintiffs incorporate their objections by reference thereto. Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims. Thus, it is premature to answer this interrogatory. See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at *14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).

**INTERROGATORY NO. 23:**   Please state how many times you believe

Defendant Hoch discharged his taser during the subject confrontation and for each

discharge how many times it produced a charge to Michael Zubrod.

**ANSWER:**

Plaintiffs object to this interrogatory on the grounds it is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information equally accessible to Defendants and otherwise without the benefit of discovery from Defendants. Without waiving objection,

Plaintiffs maintain the camera footage from the defendants' Tasers establishes Defendant Hoch's use of the taser. Furthermore, Defendant Hoch, his department, or both, are in possession of taser discharge records created by the taser device. This response may be supplemented after further discovery.

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, | Case No. 6:15-cv-02065-LRR |
| Plaintiffs, | **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY WORTH COUNTY** |
| v. | |
| SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, | |
| Defendants. | |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for their responses to the Interrogatories propounded, respectfully state the following:

## RESERVATION

Plaintiffs' objections and responses are set forth herein without prejudice to their right to assert additional objections or supplement responses should they discover additional information or grounds for objections. Moreover, nothing herein should be construed as an admission by Plaintiffs as to the admissibility or relevance of any information contained in any response to, or any document provided in conjunction with, the information provided herein.

**INTERROGATORY NO. 18**:    With regard to paragraph 70, of the Complaint, please set forth with specificity all facts relied upon by the Plaintiffs to support the allegations the Defendant Worth County's acts and/or omissions were the result of Michael's Zubrod's injuries.  As it relates to the same, please state the following:

a)    every person who has knowledge of these facts;

b)    every person you anticipate calling as a witness to testify regarding these facts; and

c)    every document or tangible item which you contend supports your allegations.

**ANSWER:**

Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,

Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.

**SUPPLEMENTAL ANSWER:**

Plaintiffs incorporate their objections by reference thereto.  Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at *14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).

<u>INTERROGATORY NO. 19</u>:  With regard to paragraph 71, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that the injuries sustained by Michael Zubrod was the direct and proximate cause of Defendant Worth County's Office illegal and unjustified conduct. In addition, please set forth with specificity the legal basis for this allegation. As it relates to the same, please state the following:

a)    every person who has knowledge of these facts;

b)    every person you anticipate calling as a witness to testify regarding these facts; and

c)    every document or tangible item which you contend supports your contention, including but not limited to, any policy, procedure, law, or statute.

<u>ANSWER</u>:

**Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants. Without waiving objection,**

**Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations. This response may be supplemented after further discovery.**

<u>SUPPLEMENTAL ANSWER</u>:

**Plaintiffs incorporate their objections by reference thereto.  Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory. <u>See</u> <u>Gilmore v. City of Minneapolis</u>, 2014 U.S. Dist. LEXIS 132543 at \*14 (Dist. Minn. Sept. 21, 2014); <u>Kendrick v. Sullivan</u>, 125 F.R.D. 1, 4 (D.D.C. 1989).**

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, | Case No. 6:15-cv-02065-LRR |
| Plaintiffs. | **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY SHERIFF JAY LANGENBAU** |
| v. | |
| SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY. | |
| Defendants. | |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for their responses to the Interrogatories propounded, respectfully state the following:

## RESERVATION

Plaintiffs' objections and responses are set forth herein without prejudice to their right to assert additional objections or supplement responses should they discover additional information or grounds for objections. Moreover, nothing herein should be construed as an admission by Plaintiffs as to the admissibility or relevance of any

**INTERROGATORY NO. 20**:    With regard to paragraph 71. of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that the injuries sustained by Michael Zubrod was the direct and proximate cause of Defendant Sheriff Jay Langenbau's illegal and unjustified conduct.  In addition, please set forth with specificity the legal basis for this allegation.  As it relates to the same. please state the following:

a)    every person who has knowledge of these facts;

b)    every person you anticipate calling as a witness to testify regarding these facts; and

c)    every document or tangible item which you contend supports your contention. including but not limited to, any policy, procedure, law, or statute.

**ANSWER**:

**Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,**

**Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.**

**SUPPLEMENTAL ANSWER**:

**Plaintiffs incorporate their objections by reference thereto.    Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at \*14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, <br><br> Plaintiffs, <br><br> v. <br><br> SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, <br><br> Defendants. | Case No. 6:15-cv-02065-LRR <br><br><br> **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY ISAAC SHORT** |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for their responses to the Interrogatories propounded, respectfully state the following:

## RESERVATION

Plaintiffs' objections and responses are set forth herein without prejudice to their right to assert additional objections or supplement responses should they discover additional information or grounds for objections. Moreover, nothing herein should be construed as an admission by Plaintiffs as to the admissibility or relevance of any

**INTERROGATORY NO. 19**:    With regard to paragraph 48, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that Defendant Short violated Michael Zubrod's constitutional rights.  As it relates to the same, please state the following:

    a)    every person who has knowledge of these facts;

    b)    every person you anticipate calling as a witness to testify regarding these facts; and

    c)    every document or tangible item which you contend supports your allegations.

**ANSWER**:

    **Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,**

    **Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.**

**SUPPLEMENTAL ANSWER**:

**Plaintiffs incorporate their objections by reference thereto.  Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at *14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

**INTERROGATORY NO. 20**:   With regard to paragraph 49, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that Defendant Isaac Short demonstrated a deliberate indifference to and/or reckless disregard for Michal Zubrod's civil and constitutional rights.  As it relates to the same, please state the following:

   a)   every person who has knowledge of these facts;

   b)   every person you anticipate calling as a witness to testify regarding these facts; and

   c)   every document or tangible item which you contend supports your contention.

**ANSWER**:

   **Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,**

   **Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.**

   **SUPPLEMENTAL ANSWER**:

**Plaintiffs incorporate their objections by reference thereto.   Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at \*14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD, <br><br>     Plaintiffs, <br><br> v. <br><br> SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, <br><br>     Defendants. | Case No. 6:15-cv-02065-LRR <br><br><br> **ANSWERS TO INTERROGATORIES PROPOUNDED TO PLAINTIFFS LARRY ZUBROD AND CHERYL ZUBROD ADMINISTRATORS OF THE ESTATE OF MICHAEL ZUBROD BY JOHN SMITH** |

**COME NOW**, the Plaintiffs, by and through their undersigned counsel, and for their responses to the Interrogatories propounded, respectfully state the following:

## RESERVATION

Plaintiffs' objections and responses are set forth herein without prejudice to their right to assert additional objections or supplement responses should they discover additional information or grounds for objections. Moreover, nothing herein should be construed as an admission by Plaintiffs as to the admissibility or relevance of any

**INTERROGATORY NO. 19**:    With regard to paragraph 48, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that Defendant Smith violated Michael Zubrod's constitutional rights.  As it relates to the same, please state the following:

      a)     every person who has knowledge of these facts;

      b)     every person you anticipate calling as a witness to testify regarding these facts; and

      c)     every document or tangible item which you contend supports your allegations.

**ANSWER:**

**Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,**

**Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.**

**SUPPLEMENTAL ANSWER:**

**Plaintiffs incorporate their objections by reference thereto.   Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.   Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at \*14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

**INTERROGATORY NO. 20**:    With regard to paragraph 49, of the Complaint, set forth with specificity all facts relied upon by the Plaintiffs to support the allegation that Defendant John Smith demonstrated a deliberate indifference to and/or reckless disregard for Michal Zubrod's civil and constitutional rights.  As it relates to the same, please state the following:

  a)    every person who has knowledge of these facts;

  b)    every person you anticipate calling as a witness to testify regarding these facts; and

  c)    every document or tangible item which you contend supports your contention.

**ANSWER**:

**SUPPLEMENTAL ANSWER**:

**Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, not reasonably limited in scope, and seeks information without the benefit of discovery from Defendants.  Without waiving objection,**

**Plaintiffs maintain the camera footage from the defendants' Tasers support the above stated allegations.  This response may be supplemented after further discovery.**

**Plaintiffs incorporate their objections by reference thereto.  Furthermore, this interrogatory appears to seek information legal in nature and Plaintiffs have not received discovery responses from Defendants nor has counsel for Plaintiffs deposed the Defendants or any witnesses material to the claims.  Thus, it is premature to answer this interrogatory.  See Gilmore v. City of Minneapolis, 2014 U.S. Dist. LEXIS 132543 at *14 (Dist. Minn. Sept. 21, 2014); Kendrick v. Sullivan, 125 F.R.D. 1, 4 (D.D.C. 1989).**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD,<br><br>Plaintiffs,<br><br>v.<br><br>SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY,<br><br>Defendants. | Case No. 6:15-cv-02065-LRR<br><br><br><br>**DEFENDANT SHAYNE HOCH'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**COMES NOW** the Defendant, Shayne Hoch, in his individual capacity as a Law

Enforcement Officer for the Worth County Sheriff's Office, by and through undersigned counsel

and hereby submits his Answers to Plaintiff's First Set of Interrogatories.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _____

Jason C. Palmer  AT0006089
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-2727
Phone: (515) 243-4191
Fax: (515) 246-5808
E-Mail: palmer.jason@bradshawlaw.com

ATTORNEY FOR DEFENDANTS



Original to:

Brandon Brown
S. Ben Stone
PARRISH KRUIDENIER DUNN BOLES GRIBBLE
  GENTRY BROWN & BERGMANN, L.L.P.
2910 Grand Avenue
Des Moines, IA 50312
Telephone: 515-284-5737
Facsimile: 515-284-1704
E-Mail: bbrown@parrishlaw.com
          bstone@parrishlaw.com

David H. Skilton
CRONIN, SKILTON & SKILTON, P.L.L.C.
205 Brasher Street, P.O. Box 39
Nashua, IA 50658-0039
Telephone: 641-435-2462
Facsimile: 641-435-2463
E-Mail: dhs.csslaw@butler-bremer.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 15 of March, 2016 by:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivered     ☐ UPS
☐ Federal Express    ☑ Other Email

2

# PARRISH KRUIDENIER DUNN BOLES
# GRIBBLE GENTRY BROWN & BERGMANN L.L.P.
## LAWYERS

ALFREDO PARRISH
ANDREW J. DUNN
MATTHEW M. BOLES
CHARLES E. GRIBBLE
TAMMY WESTHOFF GENTRY
BRANDON BROWN
BENJAMIN D. BERGMANN

MARGARET R. STUART
ADAM C. WITOSKY
HEIDI M. YOUNG
AL SMITH
COREY BIRD
JOHN MASCHMAN

ROBERT P. MONTGOMERY
R. BEN STONE
OF COUNSEL

ELIZABETH KRUIDENIER
(1926-2011)

2910 GRAND AVENUE · DES MOINES. IOWA 50312-4205
(515) 284-5737 · (800) 532-1405 · FAX (515) 284-1704 · WWW.PARRISHLAW.COM

January 14, 2016

**HAND DELIVERED**
Jason Palmer
Bradshaw Fowler Proctor & Fairgrave
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309-8004

Re:  Zubrod et al. vs. Shayne Hoch et al.
     Northern District Case No.: 6:15-cv-02065-LRR
     Our File No.: B-14-27-BB

Dear Jason:

Please find enclosed herein the Zubrods' responses to request for production of documents as well as interrogatories. Please note I included responses in both their individual capacities as well as their co-administrator capacities.

Please note that some of the document pages included herein are confidential and have been designated as such. Thus, the stipulated protective order approved by the court will govern disclosure of these documents.

I am also enclosing a set of interrogatories and request for production of documents for each of the named defendants. I respectfully ask you to have your clients complete the discovery as prescribed by the Federal Rules of Civil Procedure.

If you have any other questions, please do not hesitate to contact me at the firm.

Very truly yours,

PARRISH KRUIDENIER DUNN BOLES GRIBBLE
GENTRY BROWN & BERGMANN, L.L.P.

BY: _____
     Brandon Brown
     bbrown@parrishlaw.com

BB/acs

ENCLOSED:  RESPONSES TO DISCOVERY; DISCOVERY REQUESTS

COPIES TO:  LARRY & CHERYL ZUBROD
            DAVID SKILTON



PLAINTIFF'S
EXHIBIT
tabbies
5