IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(Central Division)

| | |
|---|---|
| LARRY ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD and CHERYL ZUBROD, Individually and as Administrator for the ESTATE OF MICHAEL ZUBROD,<br><br>Plaintiffs,<br><br>vs.<br><br>SHAYNE HOCH, ISAAC SHORT, and JOHN SMITH, in each man's individual capacity as a Law Enforcement Officer for the Worth County Sheriff's Office; SHERIFF JAY LANGENBAU, in his individual capacity, and WORTH COUNTY, IOWA,<br><br>Defendants. | Case No. 6:15-cv-02065-LRR<br><br><br>REPORT OF WILLIAM E. DEAN REGARDING TASER USE ON DECEDENT MICHAEL ZUBROD<br><br> |

## AFFIDAVIT OF WILLIAM E. DEAN

William E. Dean, hereby declare as follows:

After reviewing both the TASER video and the DCI interviews of the three deputies and Rhonda Schukei, it is my opinion, based upon my more than thirty years as a law enforcement trainer and officer, that:

1. It is important for police officers to continually study and reassess evolving situations such that they can evaluate whether a threat continues to exist as conditions change;

2. Officers have an obligation and responsibility as trained professionals to utilize different strategies or mechanisms for controlling someone initially deemed to be a threat if the situation changes such that the threat is different or diminished;

3. Officers should reconsider whether a certain method of control is working if repeated use of that mechanism does not show desired results;

4. When a subject is cuffed on one wrist, prone, exhausted and laying on the ground, it is unlikely the person would be capable of deadly force;

5. An adequately trained officer would recognize there comes a time when a subject's "refusal" to do as instructed needs to be recognized as an "inability" to do as instructed, which in turn would compel the well trained officer to alter his or her behavior accordingly.

In each of the four police academies I completed the proper use of force was a main subject. The laws and methods in using force were taught and practiced. Of great importance and greatly stressed was the principal that only the amount of force needed to control the subject was to be used. The amount of force could be one step above the perceived threat. Once that threat is reduced, the amount of force must be reduced.

I believe in the situation presented in this case, the use of the TASER was truly justified. A subject under the influence of meth or certain other street drugs is known to have what appears to be super strength with little reaction to pain. The fact that the subject was on his back (as shown in the video) and not fighting causes me to question why he was tased multiple times and at such duration.

Once there were three officers present and the subject was prone with both hands visible, officers could use a wrist lock, elbow lock or hand irons. It is my expert opinion that Officer Hoch utilized excessive force when he repeatedly used his TASER after it became clear its use was not having the desired effect. In addition, it is my expert opinion that Officer Hoch failed to recognize that the subject was incapable of complying with his repeated verbal commands and further failed to utilize other force options, including but not limited to the three deputies going hands on to restrain the subject.

A well trained officer of the law is equipped with the tools of the trade. The officer is taught how to use them, when and where to use them. This includes the use of TASERS. Officers have been told the danger of its use and certainly about its repeated use. The officer must use good judgment in executing his or her duties. The officer is charged with the welfare and care of all subjects regardless of the offense or personal feelings.

Repeated use of the TASER as seen in the video of this case is in my opinion, the use of excessive force. There were other methods that could or should have been used.

In the previous four (4) years I have not testified or been deposed as an expert witness.

In the previous ten (10) years I have not authored any published articles on this subject.

Executed this 29th day of April, 2016, at Fort Knox, Kentucky.

_William E. Dean_
MSgt. William E. Dean, USMC Ret.