IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LARRY ZUBROD, Individually and as
Administrator for the ESTATE OF
MICHAEL ZUBROD and CHERYL
ZUBROD, Individually and as
Administrator for the ESTATE OF
MICHAEL ZUBROD,

      Plaintiffs,

vs.

SHAYNE HOCH, ISAAC SHORT,
and JOHN SMITH, in each man's
individual capacity as a Law
Enforcement Officer for the Worth
County Sheriff's Office; SHERIFF
JAY LANGENBAU, in his individual
capacity, and WORTH COUNTY,
IOWA,

      Defendants.

No. C15-2065

RULING ON MOTION TO COMPEL DISCOVERY

## TABLE OF CONTENTS

I.    INTRODUCTION ................................ 2

II.   PROCEDURAL BACKGROUND ...................... 2

III.  DISCOVERY .................................... 2

IV.  DISCUSSION ................................... 5
    A.   *Legal Principles Governing Motions to Compel* ............... 5
    B.   *Attorney Fees* ............................... 6
    C.   *Contention Interrogatories* ........................ 10

V.    ORDER ....................................... 15

## I. INTRODUCTION

This matter comes before the Court on the Motion to Compel Discovery (docket number 20) filed by Defendants on March 8, 2016; the Resistance (docket number 23) filed by Plaintiffs on March 25, 2016; the Reply (docket number 26) filed by Defendants on April 1, 2016; and the Supplemental Support for Their Motion to Compel (docket number 27) filed by Defendants on April 22, 2016. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## II. PROCEDURAL BACKGROUND

On July 29, 2015, Plaintiffs Larry Zubrod and Cheryl Zubrod, individually and as administrators for the Estate of Michael Zubrod, filed a Complaint (docket number 2) seeking damages from Defendants Shayne Hoch, Isaac Short, and John Smith (Worth County Deputy Sheriffs), Worth County Sheriff Jay Langenbau, and Worth County, Iowa. In their seven-count Complaint, Plaintiffs seek damages for Michael Zubrod's death, after he was tased multiple times by Defendant Hoch. On March 7, 2016, Defendants filed their First Amended Answer (docket number 19) denying the material allegations and asserting certain affirmative defenses.[1]

On October 27, 2015, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. The discovery deadline is September 6, 2016. On the same date, both parties consented to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). A jury trial is scheduled before the undersigned on February 13, 2017.

## III. DISCOVERY

On November 18, 2015, Defendants served interrogatories on Plaintiffs. On January 14, 2016, Plaintiffs served answers to Defendants' interrogatories. On February

---

[1] Defendant's filed their initial answer on August 21, 2015.

12, 2016, Plaintiffs provided supplemental interrogatory answers. The parties disagree on the sufficiency of Plaintiffs' answers to interrogatories on damages as they pertain to attorney fees incurred. The parties also disagree on the sufficiency of Plaintiffs' answers to contention interrogatories, requesting explanations of the factual basis for Plaintiffs' allegations.

Specifically, in Interrogatories Nos. 7 and 10, pertaining to damages, Defendants seek information regarding attorney fees, including Plaintiffs' counsel's hourly rate and the amount of time counsel has spent on this matter. Defendants maintain they are "entitled to this information to value their case and prepare for trial."[2]

Plaintiffs respond that if successful with their lawsuit, they can move for reasonable attorney fees pursuant to 42 U.S.C. § 1988. Plaintiffs assert "[w]hile [they] may ultimately be compensated for the costs and expense of this action, this does not permit Defendants to seek details of the fee agreement [they] have with counsel, nor the time spent by such counsel in preparing its case."[3]

Turning to the contention interrogatories, in Interrogatory No. 11,[4] Defendants ask:

> If any of the claims made by Plaintiffs in the Complaint are based upon the alleged violation of any industry or governmental standard, administrative rule or regulation, statute or ordinance, or custom or practice, please identify in detail each such item upon which you base the violation including the date of publication, title and applicable paragraphs or section number thereof.

---

[2] Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 2.

[3] Plaintiffs' Brief in Resistance to Defendants' Motion to Compel Discovery (docket number 23) at 2.

[4] This request is Interrogatory No. 12 for Sheriff Langenbau.

3

Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 6. In Interrogatory No. 18, Deputy Hoch and Deputy Smith seek "all facts relied upon to support the allegations for punitive damages."[5] Lastly, Defendants in multiple interrogatories request Plaintiffs to "set forth with specificity all facts relied upon" to support specific paragraphs in Plaintiffs' complaint.[6] Lastly, Deputies Hoch (Interrogatory No. 23), Smith (Interrogatory No. 21), and Short (Interrogatory No. 21) request Plaintiffs' opinion on the number of times each deputy discharged his taser during the confrontation with Michael Zubrod, and the number of times the taser produced a charge.[7] In response to these interrogatories, Plaintiffs generally state for each interrogatory outlined above:

> Plaintiffs object to this interrogatory on the grounds it calls for a legal conclusion, is vague, not reasonably calculated to lead to discovery of admissible evidence, is irrelevant, speculative, harassing, overbroad, unduly burdensome, oppressive, and not reasonably limited in scope. Furthermore, the Complaint filed in this matter identifies the underlying legal principles upon which the claims are based at this time.

Defendant's Motion to Compel Discovery (docket number 20) at 191; Exhibit J at 19. Plaintiffs also state in response to all of these interrogatories except Interrogatory No. 11,[8] "the camera footage from the defendants' Tasers support the above stated allegations. This

---

[5] Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 6.

[6] Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 6. The paragraphs from Plaintiffs' Complaint referred to in Defendants' contention interrogatories include: ¶¶ 28, 30, 38, 40 (Hoch Interrogatories Nos. 19-22), 48, 49 (Smith and Short Interrogatories Nos. 19-20), 70 (Worth County Interrogatory No. 18), and 71 (Worth County Interrogatory No. 19 and Langenbau Interrogatory No. 20).

[7] *Id.* at 7.

[8] This request is Interrogatory No. 12 for Sheriff Langenbau.

4

response may be supplemented by further discovery."[9] In supplemental answers, Plaintiffs also assert it is premature to answer these interrogatories because discovery is not final and Defendants or other witnesses have not been deposed.

On March 8, 2016, Defendants filed the instant motion to compel. Defendants seek an order compelling Plaintiffs to remove their objections and fully answer the interrogatories.

## IV. DISCUSSION

### A. Legal Principles Governing Motions to Compel

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1) provides the general standard governing the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." In the discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa 1992). *See also Davis v. Union Pacific R.R. Co.*, 2008 WL 3992761 (E.D. Ark.) at *2 ("A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."); *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (same). Nevertheless, "there must be at least a 'threshold showing of relevance' before parties 'are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'" *Kampfe v.*

---

[9] Defendant's Motion to Compel Discovery (docket number 20) at 198; Exhibit J, p. 26.

*Petsmart, Inc.*, 304 F.R.D. 554, 557 (N.D. Iowa 2015) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Generally, the party resisting production of the requested information bears the burden of establishing lack of relevancy. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

### B. Attorney Fees

Defendants argue attorney fee requests in discovery are "allowed and attorney fee information has been compelled in other jurisdictions."[10] Defendants cite primarily to one case to support their proposition that attorney fee information is discoverable. *See Unique Sports Products, Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318 (N.D. Ga. 2007) (allowing discovery of attorney fees where the parties were engaged in settlement discussions prior to the filing of the lawsuit). Defendants maintain "[t]he amount and value of attorney fees is relevant to Plaintiffs' claim and the request for information is proportional to the needs of the case. . . . The value of the attorney fees could be a substantial sum, making it very important to the issues of the case[.]"[11] In conclusion, Defendants urge "an order requiring Plaintiffs to provide counsel's hourly rate and the amount of time spent on this matter every three months."[12]

Plaintiffs resist Defendants' request for the following reasons: (1) Defendants' request is premature, attorney fees are available to Plaintiffs only if they are the prevailing party in the lawsuit pursuant to 42 U.S.C. § 1988; and (2) case law under the

---

[10] Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 4.

[11] *Id.* at 5.

[12] *Id.*

6

circumstances presented in this case does not support Defendants' assertion that attorney fee information is discoverable or relevant to this type of lawsuit.

The Court finds *Unique Sports Products* distinguishable from the present case. Unlike the case presently before the Court, in *Unique Sports Products*, the parties entered into settlement negotiations over defendant's unauthorized use of an image licensed to the plaintiff prior to the commencement of any type of litigation. 512 F. Supp. 2d at 1321. Specifically, in 2005, plaintiff entered into an exclusive licensing agreement with Pete Sampras to use his image on tennis ball hoppers. *Id.* at 1320. Prior to plaintiff's licensing agreement with Sampras, defendant had the exclusive rights to use Sampras's image on tennis accessories, but that licensing agreement expired in 2002. *Id.* Thus, defendant was engaging in the unauthorized use of Sampras' image on their tennis ball hopper from 2003 through 2005. *Id.* The parties entered into settlement negotiations over defendant's unauthorized use of Sampras' image. *Id.* at 1321. During settlement negotiations, defendant filed a lawsuit in Illinois state court. *Id.* Plaintiff subsequently filed a lawsuit in federal court in Georgia. *Id.* Ultimately, the dispute was litigated in federal court. *Id.*

The litigation included multiple discovery disputes, including a dispute over defendant's request for information concerning plaintiff's legal fees and litigation expenses. *Id.* at 1328. In determining that information regarding legal fees and litigation expenses was discoverable, the district court acknowledged that such "information is not ordinarily exchanged during pre-trial discovery. Instead, a party seeking attorney's fees generally files a fee petition after succeeding on its claims." *Id.* However, the district court in *Unique Sports Products* found that "plaintiff's request for attorney's fees is driving this litigation, which likely would have settled long ago were it not for the substantial fees that plaintiff has incurred." *Id.* Thus, the district court concluded plaintiff's seeking recovery of attorney fees made "discovery on that issue . . . 'relevant to plaintiff's claims' and therefore discoverable" under Rule 26(b). *Id.*

7

Here, unlike in *Unique Sports Products*, attorney fees are not driving the litigation. The litigation in this case is focused on alleged violations of Michael Zubrod's constitutional rights which ultimately resulted in his death. Pursuant to 42 U.S.C. § 1988, should plaintiffs prevail on their claims, they would be entitled to seek an award of attorney fees. The present case is the "ordinary" case referred to in *Unique Sports Products* where attorney fee and litigation expense information is not "exchanged during pre-trial discovery. Instead, a party seeking attorney's fees generally files a fee petition after succeeding on its claims." 512 F. Supp. 2d at 1328. Accordingly, the Court is unpersuaded *Unique Sports Products* is applicable to the present case.

Moreover, Plaintiffs cite to multiple cases where a district court denied a motion to compel information regarding attorney fees because such information is irrelevant and would not lead to admissible evidence at trial. For example, in *Smith v. AS America, Inc.*, 2015 WL 2238266 (W.D. Mo. 2015), the defendant sought to prohibit plaintiff from recovering attorney fees because the plaintiff did not disclose the amount of fees she intended to request prior to the trial. *Id.* at *1. Contrary to the defendant's assertion, the district court determined that pre-trial disclosure of attorney fees had "nothing to do with the merits" of the lawsuit and was "irrelevant to the trial proceedings." *Id.* at *2. In *Combe v. Cinemark USA, Inc.*, 2009 WL 2578853 (D. Utah 2009), the defendant requested production of fee agreements between plaintiffs and their counsel, "arguing such information is discoverable because the Plaintiffs put the terms of their agreement at issue by seeking attorney's fees in their Complaint." *Id.* at *2. The district court denied the defendant's request because defendant was unable to show "the information about attorney engagement would lead to any admissible evidence on substantive claims." *Id.* In *Pizel v. Monaco Coach Corp.*, 224, F.R.D. 642 (N.D. Ind. 2004), the plaintiff sought damages under the Magnuson-Moss Act which allows a plaintiff to recover attorney fees if he or she prevails. *Id.* at 644. In denying the motion to compel information regarding attorney fees,

the district court determined "complying with a motion to compel would be fruitless because the issue of the fee agreement is not a material issue at the present time." *Id.* The district court also determined such information was not relevant and would not be admissible at trial, or lead to evidence that would be admissible at trial. *Id.* Finally, in *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004), the district court denied a motion to compel discovery on fee agreements because such information was not relevant unless the plaintiff prevailed and sought attorney fees. *Id.* at 13. The district court also noted "assessing one's settlement posture by knowing what one's opponent is paying counsel is not a legitimate use of discovery; discovery seeks relevant evidence, not ammunition for settlement discussions[.]" *Id.*

Similarly, in *Stevens v. DeWitt County, Illinois*, 2013 WL 819372 (C.D. Illinois 2013), a case factually similar to the present case, the plaintiff claimed the defendant violated her constitutional rights and subjected her to malicious prosecution. *Id.* at *2. The district court determined "[i]nformation about [plaintiff's] litigation costs and expenses, including her attorney's activities and fees, is not relevant to these claims or any defenses, and is not reasonably calculated to lead to discovery of admissible evidence about these claims or defenses." *Id.* The district court further indicated that "[c]osts and attorney fees are statutory awards to prevailing parties in certain circumstances; they are not part of the claims or defenses at issue in a case. [Plaintiff's] claims are based on rights under the Constitution and § 1983, and Illinois law. Information about her costs and attorney fees is not relevant under Rule 26(b)." *Id.*

The Court finds *Stevens* insightful, and believes the reasoning of the district court is applicable to the present case. Therefore, the Court concludes information about Plaintiffs' attorney's activities and fees is not relevant to Plaintiffs' claims or any defenses, and is not reasonably calculated to lead to discovery of admissible evidence regarding such claims or defenses. *See id.* Moreover, as *Stevens* points out, "[c]osts and attorney fees

are statutory awards to prevailing parties in certain circumstances; they are not part of the claims or defenses at issue in a case." *Id.* Here, Plaintiff's claims are based on rights under the Constitution, § 1983, and Iowa law. Information about costs and attorney fees is not relevant under Rule 26(b). *See id.* Accordingly, the Court finds Defendants' motion to compel with regard to the issue of attorney fees is denied.

## C. Contention Interrogatories

In their motion to compel, Defendants seek answers to contention interrogatories regarding "what specifically Plaintiffs believe occurred and what specifically they contend was unconstitutional" in the tasering of Michael Zubrod.[13] Defendants maintain their:

> interrogatories requesting Plaintiffs to explain their contentions are proper and should be answered by Plaintiffs. Plaintiffs refer to the camera footage from the defendants' Tasers rather than providing a factual answer to these interrogatories. Also, in response to the interrogatory requesting a description of how Plaintiffs contend the incident occurred, in addition to stating "they were not present," Plaintiffs have referred Defendants to their Complaint. These answers are insufficient.

Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 8. Defendants conclude they:

> are inquiring about specific contentions about the legality of the amount of forced used. Defendants are asking Plaintiffs to give the facts on which they base their claims. . . .
>
> As such, the Court should enter an order compelling Plaintiffs to answer these interrogatories with sufficient time for Defendants to receive and analyze the supplemental answer before their upcoming depositions.

*Id.* at 11.

---

[13] *See* Defendants' Brief in Support of Their Motion to Compel Discovery (docket number 20-1) at 2.

In response, Plaintiffs assert that answers to Defendants' contention interrogatories are premature. Plaintiffs point out Defendants' motion to compel was filed one week before Defendants produced documents needed to answer their interrogatories. Plaintiffs believe "it is clear the Motion to Compel is not being utilized for a proper purpose, and instead as a tool for harassment."[14] Plaintiffs maintain that with the discovery deadline over six months away, discovery remains in the early stages, and they have a right to review Defendants' discovery responses and develop the facts through depositions before supplementing their responses to the contention interrogatories. Specifically, Plaintiffs assert:

> Defendants provided discovery responses seven days after their Motion to Compel was filed, which include a 554-page report from the Division of Criminal Investigations, several dozen audio and video files, other written documents including the Defendants [sic] own answers to interrogatories. After Plaintiffs have had an adequate opportunity to review and assess the discovery produced, including assessing the sufficiency of the production and responses, Plaintiff [sic] will supplement their responses and identify additional documents.

Plaintiffs' Brief in Resistance to Defendants' Motion to Compel Discovery (docket number 23) at 17-18. Plaintiffs conclude that having only recently received Defendants' discovery responses, and having taken no depositions, "Court intervention on the contention interrogatories propounded by Defendants is premature, as discovery remains in its early stages and Plaintiffs [sic] answers are sufficient up to this point."[15]

On April 22, 2016, Defendants filed a document entitled "Supplemental Support for their Motion to Compel." *See* docket number 27. In their supplemental support,

---

[14] Plaintiffs' Brief in Resistance to Defendants' Motion to Compel Discovery (docket number 23) at 14.

[15] *Id.* at 20.

Defendants argue that Plaintiffs' argument that the contention interrogatories are premature is without merit. Specifically, Defendants assert:

> As of today's filing, Plaintiffs have had this information for forty-four days. Depositions of Defendants are currently scheduled for May 3 through May 5. Defendants are entitled to know Plaintiffs' theory of the case before these depositions. Plaintiffs can supplement their answers after the depositions of Defendants, but especially now since they have had the DCI report for so long, they should be compelled to explain their allegations.

Defendants' Supplemental Support for their Motion to Compel (docket number 27) at 3; ¶ 6.

In a contention interrogatory, one party asks "'another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all evidence on which it bases its contentions, or to explain how the law applies to the facts.'" *Sprint Communications Company L.P. v. Crow Creek Sioux Tribal Court*, 2016 WL 782247 at *14 (D.S.D. 2016) (quoting *Dziadek v. Charter Oak Fire Insurance Co.*, 2014 WL 820049 at *16 (D.S.D. 2014), in turn quoting *Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403 (D.S.D. 2013)). Contention interrogatories may be "helpful in that they may narrow and define issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). On the other hand, contention interrogatories can be "overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." *Id.* Thus, due to the nature of contention interrogatories, the district court in *Helmert v. Butterball, LLC*, 2010 WL 4537096 (E.D. Ark. 2010) explained:

> a number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.

> *See, e.g., Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 4868772, at *5 (D. Neb. Nov. 6, 2008) (denying the motion to compel answers to contention interrogatories until the end of discovery); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("There is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 348 (N.D. Cal. 1985) (denying motion to compel and ordering plaintiffs to answer contention interrogatories 60 days after completion of defendants' document production).

Id. at *1.

Furthermore, delaying the answer of contention interrogatories until the completion or near completion of discovery is contemplated by FED. R. CIV. P. 33(a)(2):

> An interrogatory may relate to any matter that may be inquired under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

*Id.* Rule 33(a)(2) "'protects the responding party from being hemmed into fixing its position without adequate information.'" *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007) (quoting *Roth v. Commonwealth*, 1988 WL 43963 at *4 (W.D.N.Y. 1988)).

"The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery." *B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citation omitted). Recently, in *Amgen Inc. v. Sandoz Inc.*, 2016 WL 1039029 (N.D. Cal. 2016), the district court addressed the burden of the party serving contention interrogatories early in the discovery process:

> "A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered." [*In re Convergent*, 108 F.R.D. at 339.] "Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Id.* In the case where a defendant seeks responses to early contention interrogatories from a plaintiff, courts should be "especially vigilant" in evaluating the proffered justifications when the plaintiff's complaint is not "facially infirm" and the defendant appears to have control or adequate access to much of the evidence relevant to its alleged misconduct. *Id.*

*Id.* at *3.

Here, discovery is not due until September 6, 2016. *See* docket number 10. Plaintiffs' Complaint is not "facially infirm." Plaintiffs' Complaint provides a sufficient factual background and sufficient explanation of the causes of action (Counts I-VII) for Defendants to understand the basis of Plaintiffs' claims at this early stage of discovery.[16] Defendants also have control and adequate access to much of the evidence relevant to its alleged misconduct. On March 9, 2016, Defendants produced a 554-page Division of Criminal Investigation report, consisting of documents, photos, audio, and video recordings to Plaintiffs. *See* Defendants' Supplemental Support for Their Motion to Compel (docket number 27) at 2-3; ¶ 3. While Defendants argue that all of the information necessary for Plaintiffs to answer their contention interrogatories has been produced, including information that Defendants will provide in their depositions, Defendants have failed to articulate any substantive reason for requiring Plaintiffs to answer their contention interrogatories at this early stage of discovery. Defendants simply state that the contention interrogatories are proper and should be answered, and vaguely

---

[16] *See* Plaintiff's Complaint (docket number 2) at 3-16; ¶¶ 10-74.

indicate that such answers are necessary prior to depositions. The Court is unconvinced that Plaintiffs have nothing to learn from the depositions of Defendants, and find Defendants' contention interrogatories premature. Moreover, the Court believes Defendants have failed to present "'specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.'" *Amgen Inc.*, 2016 WL 1039029 at *3 (quotation omitted). Accordingly, the Court finds Defendants' motion to compel with regard to Defendants' contention interrogatories is premature and is denied. Plaintiffs will be expected to supplement their answers to Defendants' contention interrogatories closer to the close of discovery.

## V. ORDER

For the reasons set forth above, the Motion to Compel (docket number 20) filed by Defendants is **DENIED**.

DATED this 2nd day of May, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA